A90A0731. MARTIN v. THE STATE.
(395 SE2d 613)

BANKE, Presiding Judge.

The appellant was charged with homicide by vehicle in the first degree (OCGA § 40-6-393), failure to stop at or return to the scene of an accident (OCGA § 40-6-270), driving on the wrong side of the road (OCGA § 40-6-40), reckless driving (OCGA § 40-6-390), and failure to give information or render aid (OCGA § 40-6-271). He was found guilty of failing to stop at the scene and driving on the wrong side of the road.

The appellant admitted that he hit something while driving his red pickup truck at dusk July 14, 1989, and that he continued on without stopping, testifying that he thought he had hit one of his uncle's cows. He proceeded immediately to his uncle's house to report to him what he believed had happened; and the two of them immediately went back to the scene, where they discovered that two pedestrians had been struck and that one of them had been killed. They then returned to the uncle's house and reported the accident. The appellant refused a subsequent request by law enforcement officers that he submit to blood or urine analysis, explaining that he had smoked marijuana two or three days previously. *Held*:

1. The appellant contends that the trial court erred in refusing to exclude evidence that he had been arrested for illicit drug use subsequent to his arrest on the charges for which he was being tried. How-

ever, an examination of the transcript reveals that the evidence in question was never presented to the jury.

2. The appellant asserts that the trial court erred in allowing him to be questioned regarding whether he had ever before used illicit drugs. This issue was first broached by defense counsel during direct examination of the appellant; and each time the defense objected to the state's subsequent attempts to question the appellant about the subject on cross-examination, the objection was sustained or the question was withdrawn. Consequently, this enumeration of error presents nothing for review.

3. The appellant contends that the court erred in allowing one of the state's witnesses to testify that he had seen a red pickup truck near the spot where the victims were struck at approximately the time the incident occurred, but proceeding in a direction different from that in which the appellant maintained he had been driving. The appellant argues that this testimony was irrelevant because the witness was unable to make a positive identification of the truck or driver. We do not agree that this rendered the testimony irrelevant. Moreover, because it was established without dispute both that the appellant had struck the two victims and that he had crossed over to the wrong side of the road in doing so, the admission of this testimony must be considered harmless in any event.

4. The appellant's remaining enumerations of error are rendered moot by the foregoing.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED JUNE 21, 1990.

*Walter S. Scott*, for appellant.

*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.